**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3199-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN TOMAS-AGUILAR,

    Defendant-Appellant.

_____

          Submitted September 19, 2017 — Decided October 13, 2017

          Before Judges Hoffman and Gilson.

          On appeal from Superior Court of New Jersey,
          Law Division, Monmouth County, Indictment No.
          11-05-0816.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Monique Moyse, Designated
          Counsel, on the brief).

          Christopher J. Gramiccioni, Monmouth County
          Prosecutor, attorney for respondent (Lisa
          Sarnoff Gochman, Legal Assistant, of counsel
          and on the brief).

PER CURIAM

    Defendant Juan Tomas-Aguilar appeals from an April 18, 2016

order denying his petition for post-conviction relief (PCR)

without an evidentiary hearing.  We affirm because defendant failed

to show a prima facie case of ineffective assistance of his trial counsel.

I.

In 2011, a jury convicted defendant of first-degree robbery, N.J.S.A. 2C:15-1; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2). Defendant was sentenced to an aggregate term of twelve years in prison, with eighty-five percent of that time ineligible for parole as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant's convictions arose out of the robbery of a taxi driver. The taxi driver testified that he agreed to take defendant from Point Pleasant to Asbury Park for $28. When they arrived in Asbury Park, defendant asked the driver for change for a $100 bill and the driver pulled out five $20 bills. According to the driver, defendant pulled out a knife and held it to his throat. The driver asked two women who were walking by to call the police. A struggle ensued and the driver managed to disarm defendant. Defendant, however, took the five $20 bills and fled as the police were arriving. Following a short chase, the police apprehended

defendant. When arrested, defendant was found to be in possession of five $20 bills and cocaine.

Defendant testified in his own defense and claimed that he had fallen asleep in the taxi. He went on to explain that when the driver tried to wake him up, they got into an altercation and he ran off when the police arrived because he knew he possessed drugs.

During deliberations, the jury submitted several questions to the judge. In one question, the jury asked for a transcript of defendant's testimony. In response, the trial judge informed the jury that they could have a read back of the testimony, but that it would take approximately one hour. Defense counsel did not object to that response and the jurors sent out a note stating that they did not need to hear the read back. The jury also asked for clarification on the charge of unlawful possession of a weapon. The judge responded by repeating his earlier instructions concerning possession of a weapon and used an example of a person holding a beer mug and using it to hit another person over the head. Again, there was no objection to the trial judge's response and Juror No. 1 confirmed that the judge's explanation answered their question.

Defendant filed a direct appeal, and we affirmed. State v. Juan Tomas-Aguilar, No. A-5559-11 (App. Div. May 27, 2014) (slip

op. at 8). On his direct appeal, defendant argued that the trial judge erred in responding to the jury's questions during deliberations. We rejected those arguments holding that the trial judge's responses were appropriate under the circumstances and there was no plain error. Id. at 6. The Supreme Court denied defendant's request for certification. State v. Tomas-Aguilar, 220 N.J. 99 (2014).

In 2015, defendant filed a PCR petition, he was assigned counsel, and the PCR court heard oral argument on the petition. On January 26, 2016, the PCR court denied the petition and defendant's request for an evidentiary hearing. The court issued a written opinion in support of its decision. On April 18, 2016, the court filed an amended order to correct the identification of the indictment number. Defendant now appeals the denial of his PCR petition.

II.

On appeal, defendant argues:

> POINT ONE — MR. TOMAS-AGUILAR IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that his trial counsel was ineffective because counsel failed to properly prepare for and investigate the charges and failed to make appropriate objections. With regard

4

to the investigation allegation, defendant asserts that his trial counsel only started preparing for trial a few days before the trial and failed to request DNA testing on the knife.

With regard to the failure to object, defendant contends that his trial counsel should have objected to the trial judge's responses to the jury concerning both the request for a read back and the request for clarification on the possession of a weapon charge.

Defendant's petition arises from the application of Rule 3:22-2, which permits collateral attack of a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction.  See R. 3:22-12(a)(1); see also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).  To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test by showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693 (quoting U.S. Const. amend. VI); Fritz, supra, 105 N.J. at 58-59 (adopting the Strickland two-part test in New Jersey).

Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing if he or she establishes a prima facie case in support of PCR. Moreover, there must be "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court must determine that "an evidentiary hearing is necessary to resolve the claims for relief." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). To establish a prima facie case, a defendant must demonstrate "the reasonable likelihood of succeeding under the test set forth in Strickland." State v. Preciose, 129 N.J. 451, 463 (1992).

Here, defendant failed to establish a prima facie showing under the Strickland test. Defendant first contends that his trial counsel failed to adequately prepare for trial, including having the knife tested for DNA. Defendant argues that his trial counsel only started to prepare four days before trial. He fails to make any showing, however, that four days was an inadequate amount of time to prepare. In other words, defendant makes a conclusory allegation without any factual support. Such unsupported claims cannot establish a prima facie claim of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.)("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions

that he was denied the effective assistance of counsel."), <u>certif. denied</u>, 162 <u>N.J.</u> 199 (1999).

Defendant also argues that trial counsel should have conducted DNA testing on the knife. He speculates that such testing would not have revealed his DNA on the knife. Again, that allegation is speculation and cannot support a prima facie showing of ineffective assistance of counsel. Moreover, as the PCR judge noted, trial counsel may well have had strategic reasons for not having the knife tested for DNA.

Moreover, defendant has made no showing that the alleged inadequate investigation by trial counsel prejudiced his defense. Defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 694, 104 <u>S. Ct.</u> at 2068, 80 <u>L. Ed.</u> 2d at 698.

Defendant also contends that his trial counsel was ineffective in failing to object to the court's responses to questions posed by the jury during deliberation. On direct appeal, we held that the trial court did not err in responding to the questions posed by the jury. Indeed, we held that under the circumstances of this case, the trial judge's responses were appropriate. Accordingly, even if trial counsel had objected, there is no basis for defendant to claim that there was any

resulting prejudice to his defense.  Defendant must affirmatively prove prejudice to the defense.  Strickland, supra, 486 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.  Here, defendant has failed to make such an affirmative showing of prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION